IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES LANCASTER, MICHELLE DAVIS, TINA KASSAPAKIS, BREANNA PATTON, and CHRISTOPHER PYSDEN,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>　　　　　Defendant. | Case No.: 3:24-cv-00916-SB<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

　　　　　United States Magistrate Judge Stacie F. Beckerman issued a Findings and Recommendation ("F&R") in this case on January 10, 2025, in which she recommended that this Court grant in part and deny in part defendant Oregon Health and Science University's motion to dismiss. Plaintiffs James Lancaster ("Lancaster"), Michelle Davis ("Davis"), Tina Kassapakis ("Kassapakis"), Breanna Patton ("Patton"), and Christopher Pysden ("Pysden") timely filed objections to the F&R, to which defendant responded. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure ("FRCP") 72(b).

　　　　　A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to FRCP 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

1

**DISCUSSION**

Lancaster filed this employment action against defendant, his former employer, in Yamhill County Circuit Court on March 13, 2024, alleging claims of religious discrimination in violation of Title VII and Oregon Revised Statutes ("ORS") §§ 759.850 and 759.860. F&R, ECF [20], at 2.[1] On April 3, 2024, Lancaster filed an amended complaint, adding Davis, Kassapakis, Patton, and Pysden as named plaintiffs. *Id.* These additional plaintiffs likewise assert claims against defendant for religious discrimination in violation of Title VII and ORS §§ 759.850 and 759.860. *Id.* Pysden additionally alleges that defendant retaliated against him for whistleblowing in violation of the False Claims Act ("FCA") and ORS § 659A.030(1)(f). *Id.* It is undisputed that only Lancaster and Pysden filed charges with the Equal Employment Opportunity Commission ("EEOC") or the Oregon Bureau of Labor and Industries ("BOLI") before participating in this lawsuit. *Id.*

Defendant timely removed to the case to federal court based on federal question jurisdiction. *Id.* On June 14, 2024, defendant filed a motion to dismiss, seeking to dismiss the amended complaint in its entirety for failure to state a claim and to dismiss Davis' claims for lack of Article III standing. *Id.*; Def. Mot. to Dismiss, ECF [4], at 2-3.

The F&R finds that (1) plaintiffs effectively abandoned their claims brought under ORS §§ 659.850 and 659.860, which are thus appropriately dismissed with prejudice; (2) Davis has Article III standing, and the motion to dismiss brought on this basis should therefore be denied; (3) it would be premature to dismiss Lancaster's Title VII claim on exhaustion grounds, however, dismissal with prejudice as to Pysden, Davis, Kassapakis, and Patton's Title VII claims is appropriate because (a) Pysden may not rely on the piggyback rule where he filed an EEOC charge and received a right-to-sue letter but did not sue within the proscribed period, and (b) Davis, Kassapakis, and Patton have not and could not plead or prove that they provided sufficient notice to the EEOC and to defendant, as the piggyback rule requires, and have not explained why it would be appropriate to extend an equitable tolling rule in this case; and (4) Pysden

---

[1] Neither party has objected to the F&R's recitation of the factual and procedural background of this case.

(a) did not timely file his claim under ORS § 659A.030(1)(f), making dismissal with prejudice appropriate as to that claim, but (b) did allege facts sufficient to state a claim under the FCA. Consequently, the F&R recommends that this Court dismiss all of plaintiffs' claims with prejudice except for Lancaster's Title VII claim and Pysden's FCA claim, which the F&R recommends should be allowed to proceed.

Plaintiffs timely filed objections to the F&R, to which defendant responded. On July 30, 2025, Judge Beckerman, having been informed by counsel for the parties that this action has been settled as to Pysden, entered a sixty-day order of dismissal as to Pysden only. Order of July 30, 2025, ECF [33]. Therefore, the Court does not address Pysden's claims in this Order, including whether the piggyback rule applies to Pysden's ORS § 659A.030(1)(f) claim.

Plaintiffs' remaining objections, while not entirely clear, can be categorized as follows: (1) the F&R "erred by imposing a notice requirement [] for [p]iggybacking [] that is not required in [the] Ninth Circuit"; (2) even if the F&R did not err in imposing a notice requirement, the F&R erred in finding that plaintiffs did not "provide sufficient notice to [defendant] that [its] wrongful denials of dozens of religious exemptions by religious workers violated their rights under Title VII and Oregon Law," particularly because defendant received "dozens of BOLI complaints for similarly situated workers to the piggybacking plaintiffs"; and (3) the F&R erred by dismissing plaintiffs' claims with prejudice rather than granting leave to amend or remanding plaintiffs' state law claims to state court. Pls. Objs., ECF [22], at 1-2. The Court addresses these objections in turn.

**A.     Piggyback Rule**

   1.     *Notice Requirement*

Plaintiffs first argue that the F&R erred in imposing a notice requirement for the piggyback rule that is not required in the Ninth Circuit. Plaintiffs argue that the Ninth Circuit instead requires a plaintiff seeking to avail themselves of the piggyback rule only to establish: "(1) same or similar same or similar discriminatory conduct[,] (2)[] committed in the same period[,] (3) of which both the EEOC and the employer had notice through the filing of a similar administrative complaint." *Id.* at 3 (alterations in original). Plaintiffs state that a plaintiff need not use "[m]agic language or class action language in the

3

administrative complaint [] to put [their] employer on notice of other similarly situated [p]laintiffs[,]" especially where the plaintiffs seeking to piggyback "were 'part of the same action asserted by' the plaintiff who had timely filed[.]"  *Id.* at 2 (quoting *Harris v. County of Orange*, 682 F.3d 1126, 1136-37 (9th Cir. 2012); and citing *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 380-81 (D. Ariz. 2013), *am. in part sub nom. Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189 (D. Ariz. Apr. 1, 2014)). Plaintiffs ultimately assert that "'[a] single charge of discrimination may be sufficient to put an employer on notice that additional people may be subject to the same unlawful employment practices.'" *Id.* at 3 (emphasis omitted) (quoting *Cabrera v. Serv. Emps. Int'l Union*, No. 2:18-cv-00304-RFB-DJA, 2020 WL 2559385, at *7 (D. Nev. May 19, 2020)).

As an initial matter, plaintiffs did not cite to either *Parra* or *Cabrera* in their briefing before Judge Beckerman, and in fact, did not argue at all that the Ninth Circuit does not impose a notice requirement regarding the piggyback rule. When a party presents argument for the first time in their objections to a magistrate judge's recommendation, the "district court has discretion, but is not required, to consider" the newly raised argument. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). It is not an abuse of discretion for a district court to decline to consider the newly raised arguments if they would "provide [the plaintiff] a second bite at the apple" and where the "[the plaintiff] gave 'no explanation as to why [they] could not bring all arguments before the [m]agistrate [judge].'" *Brook as Tr. of David North II Tr. v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020) (citing *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (stating that "the Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court" and that a party's "[m]ere failure to discover a new legal theory until after the magistrate has ruled falls far short of the type of compelling circumstance that will permit a party to escape the waiver rule")). Here, plaintiffs offer no explanation as to why they could not make their notice argument before Judge Beckerman, and the

Court declines to offer them a second bite at the apple.[2]

Furthermore, not only is plaintiffs' argument that there is no notice requirement in the Ninth Circuit newly raised, but it also at least implicitly conflicts with plaintiffs' prior arguments before Judge Beckerman. Indeed, in their response to defendant's motion to dismiss, plaintiffs argued that they "have met the elements for joinder under the piggyback[] rule" in part because "the EEOC and the employer were on notice of the[ir] claims." Pl. Resp. Opp'n to Def. Mot. to Dismiss, ECF [12], at 9. By arguing that the notice requirement was satisfied, plaintiffs thus, at least indirectly, recognized its applicability.

Regardless, review of the pertinent case law makes clear that the F&R's conclusions are in accord with both Ninth Circuit case law, *see Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202-04 (9th Cir. 2016) (citation omitted) (indicating that the initial charge of discrimination must "put an employer on notice that additional people may be subject to the same unlawful employment practices"); *Paige v. California*, 102 F.3d 1035, 1042-43 & n.9 (9th Cir. 1996) (citation omitted) (reasoning that the representative charge was sufficient to support the piggybacking plaintiffs' claims because the language of the representative charge indicated that other claims "could reasonably be expected to grow out of" the initial allegations); *Harris v. County of Orange*, 682 F.3d 1126, 1137 (9th Cir. 2012) (noting that there is no need to use the specific language "on behalf of" or "class action" so long as there are other "words

---

[2] Though the Court does not address the issue in full, it is worth noting that neither *Parra* nor *Cabrera* conflict with the F&R. Regarding *Parra*, plaintiffs are correct that the court in that case allowed the piggybacking plaintiff's claim to proceed and acknowledged that the plaintiffs were allowed to piggyback in *Harris* in part because they "were 'part of the same action asserted by' the plaintiff who had timely filed [] a complaint." *Parra*, 291 F.R.D. at 380-81 (citing *Harris*, 682 F.3d at 1137). However, the *Parra* court went on to reason that the piggybacking plaintiff's claim should be permitted specifically because the notice requirement underlying the piggyback rule was satisfied. *Id.* at 381-82. Here, the Court agrees with Judge Beckerman that plaintiffs cannot satisfy the notice requirement, making piggybacking inappropriate and *Parra* distinguishable.

Similarly, regarding *Cabrera*, plaintiffs are correct that the court in that case held that "a single charge of discrimination may be sufficient to put an employer on notice that additional people may be subject to the same unlawful employment practices." Pls. Objs. 3 (citing *Cabrera*, 2020 WL 2559385, at *7). However, as defendant points out, the F&R agrees on this point. Indeed, Judge Beckerman explicitly noted that "a single charge may put the EEOC and employer on notice that additional employees were subject to the same allegedly unlawful employment practice[.]" F&R 31 (citing *Arizona ex rel. Horne*, 816 F.3d at 1202-04). Furthermore, *Cabrera* supports the F&R's findings; the court in *Cabrera* noted that "[n]owhere in [the plaintiff's] charge is there *any* indication that [the employer's] alleged discriminatory conduct was perpetrated against or affect anyone but [the plaintiff]." 2020 WL 2559385, at *8. The same is true here.

5

expressing the same concept"); *Lucky Stores, Inc. v. EEOC*, 714 F.2d 911, 913 (9th Cir. 1983) (holding that the EEOC could bring claims on behalf of employees at two facilities where the employer had "adequate notice" that the EEOC was investigating the two facilities' successor facility), as well as the weight of Supreme Court and out-of-circuit authority, *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 159 (1982) ("If one allegation of specific discriminatory treatment were sufficient to support an across-the-board attack, every Title VII case would be a potential companywide class action. We find nothing in the statute to indicate that Congress intended to authorize such a wholesale expansion of class-action litigation."); *Pérez-Abreu v. Metropol Hato Rey LLC*, 5 F.4th 89, 94 (1st Cir. 2021) (reasoning in part that the plaintiff seeking to piggyback had not demonstrated that the "charges timely filed by his co-worker . . . informed the EEOC or the [employer] that broader, company-wide acts of discrimination may have occurred, or that other employees [] may also have been the victim of [] discrimination"); *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400-01 (8th Cir. 1986) (citation modified) (noting that "[a]n allegation of class-wide discrimination or claim of class representation is necessary to inform and give notice to the employer that the consequences of an individual plaintiff's charge may 'transcend[] an isolated individual claim'" and reasoning that "failure to require some notice of class claims in the charge would require employers to treat all individual charges as potential class actions" and that "employers should not have to labor under the threat of a covert class action throughout the judicial proceedings that typically will follow the filing of an administrative charge"); *Hipp v. Liberty Nat'l Life Ins.*, 252 F.3d 1208, 1226-27 (11th Cir. 2001) (per curiam) (analyzing whether the representative charge gave sufficient notice to the employer that the plaintiffs' claims may exist such that the plaintiffs could avail themselves of the piggyback rule).

    In sum, the F&R is thorough and well-reasoned on the issue of a notice requirement. Plaintiffs' first objection fails.

    2.  *Sufficiency of Notice*

    Plaintiffs next argue that even if there is a notice requirement, they have satisfied it. To this end, plaintiffs cite *Parra* for the assertion that a complaint need not use specific language such as "class action" or "on behalf of others similarly situated" for piggybacking to be allowed, primarily because courts

6

deem piggybacking plaintiffs "who had not filed [] complaints [to be] 'part of the same action asserted by the plaintiff who had timely filed [] a complaint.'" Pl. Objs. 2 (quoting *Harris*, 682 F.3d at 1137; and citing *Parra*, 291 F.R.D. at 380-81). Similarly, plaintiffs assert that their claims should proceed because the piggyback rule applies outside of the class action context. *Id.* at 4 (citing *Sharpe v. Shriners Hosps. for Child.*, No. 3:24-cv-01268-IM, 2024 WL 5246893, at *3 (D. Or. Dec. 30, 2024)). These arguments fail.

First, as noted in footnote two of this Order, *Parra* is not in conflict with the F&R. Second, and perhaps most importantly, the F&R did not hold otherwise on the point plaintiffs raise; indeed, for purposes of deciding defendant's motion, Judge Beckerman expressly assumed that the piggyback rule applies outside of the class action context. F&R 31. Third, *Parra* is materially distinguishable. In that case, the court noted that the plaintiff used class action language, "explicitly stat[ing] that he was bringing his EEOC charge 'on behalf of [him]self and similarly situated Hispanic employees who [he] believe[s] receive less pay and poorer assignments than American-born, white employees.'" 291 F.R.D. at 382. Though the *Parra* court recognized that a plaintiff is not *required* to use class action language, because the plaintiff in *Parra* in fact used class action language, *Parra* is of little help to this Court in determining what language, short of class action language, is sufficient.

Plaintiffs also appear to suggest that the notice requirement was satisfied by the judicially-noticeable fact that—or in the alternative, that plaintiffs could satisfy the notice requirement if granted leave to amend to allege that—plaintiffs' counsel has filed "dozens of other similar complaints . . . against [defendant] with very similar allegations by the same law firm representing [p]laintiff[s], which clearly put [defendant] on notice that [it] had taken actions which negatively impacted a significant number of similarly situated employees." Pl. Objs. 2. Plaintiffs' argument misunderstands the notice requirement. As the F&R explains, the general "'purpose of the piggyback rule is to promote judicial economy, not to provide relief to plaintiffs who failed to meet their applicable statute of limitations[.]'" F&R 28 (quoting *Bowerman v. St. Charles Health Sys., Inc.*, No. 6:23-cv-01488-MC, 2024 WL 3276131, at *9-10 (D. Or. July 1, 2024), *appeal docketed*, No. 24-5002 (9th Cir. Aug. 15, 2024)). More specifically, the purposes of the notice requirement are "notice and conciliation: notice to the prospective defendants and an opportunity for the

7

EEOC to eradicate the offending practices through conciliation." *Id.* at 34-35 (quoting *Peeples v. City of Detroit*, 891 F.3d 622, 632 (6th Cir. 2018)).  Plaintiffs' suggestion that they could amend Lancaster's complaint to provide notice of plaintiffs' counsel's other suits against defendant simply does not address the fact that Lancaster's *charge*—which is different from the initial *complaint*—"did not notify [defendant] of its potential liability or provide the EEOC with an opportunity to eradicate the [allegedly wrongful] practices through conciliation." *Id.* at 36.

        3.    *Relation Back*

Plaintiffs also argue, albeit briefly, that under Oregon Rule of Civil Procedure ("ORCP") 23(c) and FRCP 15(c)(1)(b), Davis, Kassapakis, and Patton's claims relate back to the filing date of Lancaster's complaint because "Lancaster's complaint alleges identical discriminatory conduct [] during the same time period as the conduct alleged by the piggybacking plaintiffs." Pls. Objs. 3.  Plaintiffs thus appear to suggest that equitable tolling of the statute of limitations is appropriate.

As an initial matter, other than citing to ORCP 23(c) and FRCP 15(c)(1)(b), plaintiffs do not identify any legal or factual authority to support the proposition that equitable tolling is appropriate in this case.  As the F&R recognizes, equitable tolling is an extraordinary remedy.  *See* F&R 33-34 (collecting cases).  Plaintiffs have not met their burden in showing that such an extraordinary remedy is appropriate here.  *Cf. Pérez-Abreu*, 5 F.4th at 94-95 & n.1 (noting that the piggybacking plaintiff, who filed suit more than ninety days after the initial plaintiff received his EEOC letter and who did not seek to invoke an equitable exception to the exhaustion requirement, might be "in a difficult position").

**B.**    **Dismissal with Prejudice**

        1.    *Leave to Amend*

Plaintiffs also object that the F&R erred in dismissing plaintiffs' claims without granting leave to amend.  To that end, plaintiffs argue that dismissal with prejudice is not appropriate because even if the F&R correctly concluded that the amended complaint "fails to allege sufficient notice, [p]laintiff[s] should be allowed to amend the complaint to state that dozens of other similar complaints were filed against [defendant] with very similar allegations by the same law firm representing [p]laintiff[s]," as these suits

"clearly put [defendant] on notice that they had taken actions which negatively impacted a significant number of similarly situated employees." Pls. Objs. 10. Plaintiffs argue that leave to amend is proper to allow them "to provide more details in the complaint about the notice provided to [defendant] by [p]laintiff's [*sic*] counsel on multiple similar cases and this court should grant [p]laintiffs leave to file a Second Amended Complaint, if it finds that any claims are deficient." *Id.* As noted above, this argument misunderstands the notice requirement, and the amendment that plaintiffs suggest would be futile.

Plaintiffs also argue that dismissal should be without prejudice "because [p]laintiffs could piggyback onto another right to sue letter issued by a different [p]laintiff since the EEOC is still issuing right to sue letters for similarly situated [p]laintiffs[,]" and because "a dismissal with prejudice could unfairly deny the [p]laintiffs the right to file claims in state court against [defendant] under ORS [§] 659A.030 by the application of claim preclusion or issue preclusion." *Id.* at 5-6. These assertions fail for the same reason as plaintiffs' previous arguments regarding leave to amend. Indeed, as defendant notes, plaintiffs' argument suggests "that [p]laintiffs are merely attempting to use the piggyback[] [rule] to circumvent their expired statutes of limitations, not serve judicial economy or achieve any other valid purpose of piggybacking." Def. Resp. to Pls. Objs., ECF [31], at 11. Furthermore, even if Davis, Kassapakis, and Patton were to seek to piggyback onto a new litigant's action, they would have to explain why equitable tolling is appropriate as to their claims. They have had an opportunity, yet have failed, to set forth such arguments here.

2. *Remand to State Court*

Finally, in a single paragraph, plaintiffs argue that if the Court does not "appl[y] [] the piggyback[] rule, it should remand this case back to state court because it lacks subject matter jurisdiction over the [remaining] claims." Pls. Objs. 7 (citing *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025)). Plaintiffs argue that *Royal Canin* stands for the proposition that "if [a] court dismisses all of a [p]laintiff's federal claims, this court must remand the case to state court." *Id.*

Plaintiffs mischaracterize the holding of *Royal Canin*. In that case, the plaintiff asserted federal and state law claims in a state court action against the defendant. *Royal Canin*, 604 U.S. at 28. The

9

defendant removed to federal court. *Id.* Following removal, the plaintiff amended the complaint to remove all the federal claims. *Id.* The United States Supreme Court framed the question before it as whether the federal court may still adjudicate the purely state law action, and ultimately answered that it could not. *Id.* In other words, the Court held that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims[,]" and "[t]he case must [] return to state court." *Id.* at 25-26. *Royal Canin* does not, in other words, disturb the longstanding principle "that a federal court may exercise supplemental jurisdiction over the state claim so long as it 'derive[s] from' the same 'nucleus of operative fact.'" *Id.* at 27 (alteration in original) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Here, plaintiffs did not amend their complaint to excise all federal claims and thereby eliminate any basis for federal jurisdiction. *Contrast id.* at 25-26. *Royal Canin* does not aid plaintiffs, and the Court declines to remand this case.

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS in part and MODIFIES in part Judge Beckerman's Findings and Recommendation ("F&R"), ECF [20]. The Court adopts the F&R as to Lancaster, Davis, Kassapakis, and Patton's claims, and modifies the F&R as to Pysden's claims, which are now moot. Defendant's Motion to Dismiss, ECF [4], is GRANTED in part and DENIED in part. Lancaster, Davis, Kassapakis, and Patton's claims brought under ORS §§ 659.850 and 659.860, and Davis, Kassapakis, and Patton's Title VII claims, are DISMISSED with prejudice. Lancaster's Title VII claim remains.

IT IS SO ORDERED.

DATED this 31st day of July, 2025.

Adrienne Nelson
United States District Judge